IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MONTRAIL TRIPLET, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-25-00017-JD ) |
| STATE OF OKLAHOMA, ex rel. Oklahoma County District Courts, | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Plaintiff Steven Montrail Triplet, proceeding pro se, has filed a Notice of Removal (titled Motion to Transfer Proceedings) attempting to remove his state criminal case(s) from Oklahoma County District Court. [Doc. No. 1]. Triplet's Notice of Removal ("Notice") states that he is "a pretrial detainee appearing pro se and seek[ing] to remove state court criminal proceedings from Oklahoma County District Court. . . . pursuant to[] 28 U.S.C. § 1443(1) and (2) [and] 28 U.S.C. § 1455(b)(2)." Notice at 1. Triplet notes various state criminal proceedings in which he is the defendant. The Court judicially notices that in CF-2024-552, Triplet is facing criminal prosecution for child neglect and domestic abuse in the presence of a minor.[1] In CF-2024-608, Triplet has been charged with endangering others while eluding a police officer and driving with a cancelled, suspended, or revoked license. Triplet faces one count of placing bodily fluids on a

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

government employee as a person in custody in CF-2023-1315. Lastly, Triplet also references criminal miscellaneous matters, MI-2024-104 and MI-2024-125, in which the state court issued warrants for Triplet's arrest. It is not clear from Triplet's Notice whether he seeks to remove all these actions or only some.[2] Regardless, for the reasons discussed below, the Court summarily remands this action to the state court.

Triplet raises three grounds on which the State of Oklahoma allegedly violated his constitutional rights, thus necessitating removal of his criminal proceedings to federal court. For Ground One, Triplet alleges that the state court issued a warrant based on perjured affidavits, denied him the right to face his accusers, and "falsifie[d] court information for a court record." Notice at 7–9. Ground Two alleges violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments arising out of the state's prosecution (or lack thereof) of certain offenses after a traffic stop. *Id.* at 9–10. Lastly, for Ground Three, Triplet alleges that the state has violated his Fourth and Fourteenth Amendment rights by prosecuting him for placing bodily fluids on a government employee without sufficient evidence. *Id.* at 10–11.

Under 28 U.S.C. § 1455(a), a defendant in a state criminal prosecution may remove the action to federal court in certain limited circumstances. Under that statute, "[a] notice of removal of a criminal prosecution shall include all grounds for such removal." *Id.* § 1455(b)(2). "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed

---

[2] This Court's docket shows this action as a removal of Oklahoma County Case No. MI-2024-104. *See* Dkt. Text (Jan. 6, 2025).

only on grounds not existing at the time of the original notice." *Id.* Triplet raises 28 U.S.C. § 1443 as the jurisdictional basis for removal based on the constitutional violations he alleges. However, this statute does not authorize the removal of any of Triplet's criminal cases.

Section 1443(1) authorizes the removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Supreme Court has established a "two-pronged test" that removal petitions under § 1443(1) must satisfy. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (citation omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (citation omitted). Triplet does not allege that the state denied him any rights based on his race. Absent such an allegation, a claim "that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Id.*

Section 1443(2) authorizes the removal of a state criminal action brought "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Under binding Supreme Court precedent, this provision "confers a

3

privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Triplet has not shown that he is a federal officer or agent, nor has he shown that he is authorized to act with or for one. Therefore, Triplet is not entitled to removal under § 1443(2).

Triplet has failed to establish a jurisdictional basis for the removal of any of his state actions.[3] Thus, summary remand is required. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand.") (emphasis added).

IT IS THEREFORE ORDERED that this action is REMANDED to the District Court of Oklahoma County, Oklahoma.

IT IS SO ORDERED this 8th of January 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] Triplet has not raised the other federal statutes that might confer jurisdiction over a state criminal proceeding: 28 U.S.C. §§ 1442 and 1442a. These provisions are inapplicable here because Triplet is not a federal officer, and he has not shown that he is a member of the armed forces prosecuted under the circumstances described in § 1442a.